IN THE UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-cv-239

LOGISTICAL SUPPORT TEAM
INTERNATIONAL, LLC,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE
COMPANY,

    Defendant.

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Auto-Owners Insurance Company ("Defendant"), by and through the undersigned counsel, respectfully notice removal of the above-entitled action from the Superior Court of Gaston County, North Carolina, to this Court, pursuant to 28 U.S.C. §§ 1332 and 1446 on the following grounds:

### I. NATURE OF ACTION

1. On 4 February 2025, Plaintiff Logistical Support Team International, LLC ("Plaintiff"), filed a Complaint in the Superior Court of Gaston County, North Carolina, styled *Logistical Support Team International, LLC, v. Auto-Owners Insurance Company,* Civil Action No. 25-CVS-493.

2. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders received by Defendant in the state court action are attached to this Notice as **Exhibit A.**

3. Upon information and belief, Plaintiff served the North Carolina Office of the Commissioner of Insurance on February 11, 2025.

4. The North Carolina Office of the Commissioner of Insurance did not provide a copy of the Summons and Complaint or otherwise give notice of the lawsuit to Defendant until March 5, 2025, when Defendant received correspondence of the same from the North Carolina Office of the Commissioner of Insurance.

5. In the Complaint, Plaintiff purports to make claims of breach of contract, unfair and deceptive trade practices, bad faith, and punitive damages against Defendant, stemming from an employee dishonesty claim for coverage. (See **Ex. A** at Compl. at ¶¶ 8-11.)

## II. FEDERAL JURISDICTION EXISTS

6. The United States District Court for the Western District of North Carolina has jurisdiction over this matter under 28 U.S.C. § 1332(a) and § 1441(a), and this action is one that may be removed by Defendant, pursuant to 28 U.S.C. § 1446, based on diversity of citizenship, in that:

   a. Upon information and belief Plaintiff is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal office located in Rock Hill, South Carolina, and a registered agent office in Gaston County, North Carolina (See **Ex. A** at Compl. at ¶ 1); and

   b. Defendant is a corporation organized and existing under the laws of the State of Michigan and has a principal office in Lansing, Michigan.

7. As Plaintiff is a citizen of North Carolina and/or South Carolina, and Defendant is a citizen of Michigan, complete diversity between Plaintiff and Defendant exists in this action.

8. Upon information and belief, no other party other than Defendant has been named as a defendant or served.

9. Plaintiff in the Complaint states in its Prayer for Relief a request for damages in

excess of $25,000 but less than $74,999. (See **Ex. A** at Compl. at Prayer for Relief ¶ 1.)

10. However, Plaintiff makes a claim of unfair and deceptive trade practices, requesting compensatory damages, treble damages, and attorney's fees, and in the alternative, punitive damages for its claim of bad faith.

11. While Plaintiff requests relief of less than $74,999, Defendant's damages exposure in this case exceeds $75,000 in light of the treble damages, attorney's fees, and punitive damages sought, in addition to the compensatory damages claimed. Defendant's employee dishonesty insurance policy coverage limit exposure alone is $50,000.

12. Plaintiff has not entered into any stipulation agreeing to (1) limit the entire amount of damages, inclusive of treble damages, attorney's fees, and/or punitive damages, being sought does not exceed $75,000, (2) agree to not seek to recover any verdict exceeding the sum of $74,999, (3) or agree to remittitur of the verdict to the amount of $74,999 in the event any verdict is in excess of $75,000.

13. Therefore, the amount in controversy in this case appears to be $75,000 or greater.

### III. REMOVAL TO THIS DISTRICT COURT IS PROPER

14. Venue is proper in the United States District Court for the Western District of North Carolina because the Superior Court of Gaston County, North Carolina, sits within this district. See 28 USC § 1446(a); 28 USC § 1391(a).

### IV. NOTICE OF REMOVAL IS TIMELY

15. Defendant timely files this Notice of Removal pursuant to the requirements of 28 U.S.C. § 1446, within 30 days after receiving a copy of the Summons and Complaint, through service or otherwise.

16. A copy of this Notice of Removal is being served upon Plaintiff and is being filed

in the Office of the Clerk of Superior Court for Gaston County.

## V. RESERVATION OF RIGHTS

17. Defendant reserves any and all rights to assert any defenses to Plaintiff's Complaint, including but not limited to, lack of personal jurisdiction, insufficiency of service of process, insufficiency of process, and failure to state a claim for which relief can be granted.

WHEREFORE, Defendant prays that this action be removed from the Superior Court of Gaston County to the United States District for the Western District of North Carolina.

This the 4th day of April, 2025.

/s/ Tien K. Cheng

TIEN K. CHENG
Bar No.: 49127
Attorney for Columbia Casualty Company
McAngus Goudelock & Courie, PLLC
4130 Parklake Avenue, Suite 550
Raleigh, North Carolina 27612
**Mailing Address:** Post Office Box 30516
Raleigh, North Carolina 27622
(919) 719-8200
tien.cheng@mgclaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon all counsel of record by electronic mail addressed as follows:

> Email: mcarpenter@gastonlegal.com
> Michael L. Carpenter
> Gray, Layton, Kersh, Solomon, Furr & Smith, P.A.
> Post Office Box 2636
> Gastonia, North Carolina 28053
> Attorney for Logistical Support Team International, LLC

This the 4th day of April, 2025.

/s/ Tien K. Cheng
_____
Tien K. Cheng